IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**IRA JOSEPH CLAYTON**                                                            **PETITIONER**

**v.**                          **No. 3:20CV323-MPM-RP**

**LYNN FITCH**                                  **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the petition of Ira Joseph Clayton who, through counsel, seeks a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed with prejudice as untimely filed.

**Facts and Procedural Posture**

Ira Joseph Clayton was originally indicted in the Circuit Court of Desoto County, Mississippi for felon in possession of a weapon (Count I), aggravated assault (Count II), and unlawful possession of a motor vehicle (Count III). Exhibit A[1]. On December 11, 2017, Mr. Clayton was convicted on Count III only, for the unlawful possession of a motor vehicle.[2] Exhibit B ("Trial, Verdict, and Sentencing Order"); *see also* State Court Record ("SCR"), Vol. 2 at 207–08; Vol. 4 at 192. On the same day the circuit court sentenced Clayton as a habitual offender under Mississippi Code Annotated § 99-19-81 to serve a term of ten years in the

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

[2] The jury was unable to reach a unanimous verdict on the charge of felon in possession of a weapon (Count I) and found Clayton not guilty on the charge of aggravated assault (Count II). Exhibit B.

custody of the Mississippi Department of Corrections ("MDOC"). Exhibit B; *see also* SCR, Vol. 2 at 207–08; Vol. 4 at 199–200.

Mr. Clayton, through counsel, appealed his conviction and sentence, arguing that: (1) the evidence was insufficient to support the conviction of unlawful possession of a motor vehicle, and (2) the verdict was contrary to the weight of the evidence. *See* SCR, Briefs of the Parties. He filed a *pro se* supplemental brief raising eight additional assignments of error. *See id*. On November 27, 2018, the Mississippi Court of Appeals affirmed Clayton's conviction and sentence. *Clayton v. State*, 271 So. 3d 672 (Miss. Ct. App. 2018), reh'g denied, April 2, 2019.

On June 24, 2019, Mr. Clayton signed a *pro se* Motion for Post-Conviction Relief ("PCR motion") challenging his conviction and sentence; the document was filed on July 15, 2019. SCR, Cause No. 2019-M-01136. On August 2, 2019, he submitted an "Amendment" to his PCR Motion, which included an affidavit of Rikiesha Williams. *Id*. Ms. Williams was the owner of the 2012 Volkswagen Jetta for which Clayton was convicted for unlawfully possessing. *Id*. The affidavit, notarized on July 30, 2019, stated that Mr. Clayton had ongoing permission to use her car – and thus he never stole the car or used it without her permission. *Id*.; *see also* Doc. 1 at 12 (copy of affidavit attached to instant petition).

On December 5, 2019, the Mississippi Supreme Court denied Mr. Clayton's application for post-conviction relief, holding:

> Clayton claims that his conviction is against the sufficiency and weight of the evidence and his indictment did not include the necessary elements of the offense. These claims were raised on direct appeal and, thus, are barred from review. He also claims the trial court wrongly denied him a jury instruction and the prosecutor made an inflammatory statement during closing arguments. These claims were not raised on direct appeal and, thus, are barred from review. Procedural bars aside, Clayton's claims are without merit. As a result, the panel finds that the motion should be denied.

*Id*. He filed the instant petition, through counsel, on December 4, 2020.

**One-Year Limitations Period**

Mr. Clayton argues that "Petitioner's Application for Relief under 28 USC [§] 2254 [is timely,] in that less than one year has passed since the date of exhaustion of state relief pursuant to the [AEDPA]." Doc. 1 at 7. Mr. Clayton thus argues that the instant petition is timely filed in this court because it was filed within one year of the Mississippi Supreme Court's denial of post-conviction relief. This argument is without merit.

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

As Mr. Clayton did not file a petition for writ of certiorari to the Mississippi Supreme Court (SCR, Case Folder), his conviction became final on Tuesday, April 16, 2019 (April 2, 2019 + 14 days). *See* Miss. R. App. P. 17(b) ("[A] petition for a writ of certiorari for review of the decision of the Court of Appeals must be filed in the Supreme Court … within fourteen (14) days from the date of

entry of judgment by the Court of Appeals on the motion for rehearing"); *see also Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("[A] decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'")

Mr. Clayton is entitled to 164 days (June 24, 2019 through December 5, 2019) of statutory tolling during the pendency of his state PCR motion. *See* 28 U.S.C. § 2244(d). As such, the deadline to file his federal petition for a writ of *habeas corpus* became Monday, September 28, 2020 (April 16, 2020 + 164 days = Sunday, September 27, 2020).[3]

The instant federal petition for a writ of *habeas corpus* was filed with this court on December 4, 2020. As discussed below, the petitioner does not enjoy equitable tolling, *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999), and he has not shown that he is actually innocent of the crime of his conviction. *See McQuiggin, v. Perkins*, 569 U.S. 383, 386 (2013). For the reasons set forth above, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

### Equitable Tolling

Mr. Clayton does not benefit from equitable tolling in this case. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The "AEDPA's filing provision is not jurisdictional but, instead, is a statute of

---

[3] Fed. R. Civ. P. 6(a) applies to the Section 2244(d) limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). In this case, the 164 days after April 16, 2020, fell on Sunday, September 27, 2020; hence, under Rule 6(a)(1)(C), Mr. Clayton's deadline to seek federal *habeas corpus* relief became the next available business day, Monday, September 28, 2020.

limitations that, like all limitation statutes, could be equitably tolled." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (internal citations omitted); *see also United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (applying equitable tolling to one-year limitations period in 28 U.S.C. § 2255(f)). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one[-]year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his *habeas corpus* petition. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

On December 4, 2020, Ira Clayton filed the instant petition for a writ of *habeas corpus*, through counsel, challenging his conviction for the unlawful possession of a motor vehicle and the resulting sentence as a habitual offender. Doc. 1. Mr. Clayton waited exactly one year after the Mississippi Supreme Court denied his *pro se* state PCR motion (December 5, 2019) to file

the instant petition. As such, he has not shown that he was reasonably diligent in seeking collateral review of his conviction and sentence and in filing the instant Petition. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (finding that a four-month delay in filing petition after ruling in state court was not "expedient" to warrant equitable tolling). "A component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry." *Smith v. Vannoy*, 848 F. App'x 624, 628–29 (5th Cir. 2021) (internal quotation marks and citations omitted). For these reasons, Mr. Clayton has not met the necessary elements or presented "rare and exceptional circumstances" to invoke equitable tolling, and his federal *habeas corpus* deadline remains September 28, 2020.

### Actual Innocence

To overcome the expiration of the AEDPA statute of limitations, a petitioner must make a credible showing of actual innocence, which requires him to produce new evidence sufficient to persuade the court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citing *Schup v. Delo*, 513 U.S. 298, 329 (1995)). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin, v. Perkins*, 569 U.S. 383, 386 (2013). The petitioner has not met this burden; as such, he has not made a credible claim of actual innocence to overcome the time bar.

Mr. Clayton also claims that he is actually innocent of the crime of his conviction, unlawfully possessing Ms. Williams' Volkswagen. In reviewing a claim of actual innocence, the court does not decide whether reasonable doubt may have existed if the new information were presented to the jury. Instead, to find the petitioner actually innocent of the crime, the court must

determine that, if the jurors were presented with the new information, then no reasonable juror would have found him guilty. *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Mr. Clayton argues that Ms. Williams' trial testimony regarding whether he had permission to use the car was unclear – and that her later affidavit made clear that he, indeed, had permission to use the car – and was thus innocent of the crime of unlawfully possessing it. Ms. Williams testified at trial:

> [Prosecutor]: Did you tell [Clayton] he could take your car?
>
> [Williams]: We both shared – we shared the car because he didn't have his vehicle any more.
>
> [Prosecutor]: But did you tell him he could take your car on that day?
>
> [Williams]: Not that particular day.
>
> [Prosecutor]: Did you ask him not to leave you there while you were shot?
>
> [Williams]: No. I screamed and told him to get out.
>
> [Prosecutor]: Did he offer to call 911?
>
> [Williams]: No.
>
> [Prosecutor]: Did he leave the door open for you, or did he shut it behind him?
>
> [Williams]: My door was closed behind him.

SCR, Vol. 3 at 115–16. In her later affidavit she stated:

> I Rikiesha Williams, the owner of a grey 2012 Volkswagen Jetta, do hereby swear under oath that I never reported my vehicle stolen with my finance company, or the Southaven Mississippi Police Department on May 26, 2017. Nor did I say, "Ira Joseph Clayton operated my vehicle, that we shared, without my permission." Furthermore, I never filed a sworn affidavit with the Southaven Mississippi Police Department, saying, "my vehicle was stolen by Ira Joseph Clayton."
>
> I Rikiesha Williams and Ira Joseph Clayton did have a verbal agreement that he drive my grey 2012 Volkswagen Jetta at any time. I never revoked such permission to operate the vehicle Ira Joseph Clayton and I shared.

> I Rikiesha Williams did only make mention, to an investigator of the Southaven Mississippi Police Department, that my grey 2012 Volkswagen Jetta did have a GPS tracking device installed on the vehicle which was being monitored by my finance company, if they wanted to locate Ira Joseph Clayton, not because my vehicle was stolen.
>
> Ira Joseph Clayton, the above styled defendant, never stole my grey 2012 Volkswagen Jetta on May 26, 2017, or operated the automobile without my permission, as I testified during a December 11, 2017 jury trial involving allegations made by the Southaven Mississippi Department against Ira Joseph Clayton.

*Id.*; *see also* Doc. 1 at 12 (copy of affidavit attached to petition).

Mr. Clayton argues that Williams' trial testimony was non-responsive and unclear, and her affidavit clarifies her previous testimony and exonerates him. The Mississippi Court of Appeals, however, held:

> ¶10. Pursuant to Mississippi Code Annotated section 97-17-42(1), it is unlawful for "[a]ny person [to] willfully and without authority, take possession of or take away a motor vehicle of any value belonging to another ...." Clayton argues there is insufficient evidence to show that he took possession of Williams'[] vehicle "without authority." He claims that because he shared the vehicle with Williams and Williams had not revoked his permission to use the vehicle, he had the authority to take possession of the vehicle following the shooting. We disagree.

*Clayton*, 271 So. 3d at 676 (all but last alteration in original). The Court of Appeals found Clayton's sufficiency of the evidence claim to be without merit:

> ¶11. The record shows Williams and Clayton had been fighting throughout the day. Williams told Clayton she no longer wanted to be in the relationship and asked Clayton to get his stuff and leave. Clayton began to pack up his belongings and eventually left the apartment. Importantly, when Clayton left Williams's apartment, he did not take the car. Instead, Clayton walked. Clayton subsequently called and asked Williams to come pick him up so he could get the rest of his belongings.
>
> ¶12. Following the shooting, Clayton did not leave on foot, as he had done earlier that day. Instead, he grabbed Williams'[] car keys and took her car. Thus, although Clayton had previously left the apartment on foot, it was only after Williams had been shot twice and her phone broken during the altercation that Clayton grabbed the keys and took the car.

> ¶13. Although Williams explained that she and Clayton shared her car, Williams specifically testified that she did not give Clayton permission to take her car on that day. Williams subsequently advised the police that they could call the financial company to try to locate Clayton in the vehicle.

*Id*.

The Mississippi Supreme Court considered Clayton's challenge to the sufficiency of the evidence on state post-conviction review – including Williams' affidavit – and denied relief on his claim. The Supreme Court found that Clayton's challenge to the sufficiency of the evidence was "raised on direct appeal and thus barred from review." Exhibit D. The state court also found that, despite the procedural bar, his challenge to the sufficiency of the evidence was without merit. *Id*.

In the instant petition, Mr. Clayton argues, through counsel, that "[t]he Court has before it today absolute proof that [the Petitioner] is innocent of the charge for which he was convicted[,]" and, "[h]ad [] Williams testified in a manner consistent with her affidavit, Clayton" would not have been convicted. Doc. 1 at 7. Mr. Clayton further argues, through counsel:

> The affidavit the Petitioner puts forth as part of this Petition was not available until after he had been tried and convicted, filed a direct appeal and then filed his Petition for Post-Conviction Collateral Relief. Ira Clayton had no control nor influence over how and when Rikiesha Williams would tell the truth about her vehicle. The issue of the sufficiency of the evidence on this count has been argued by Clayton in previous filings, satisfying the requirement that the State Courts be given opportunity to rectify the wrong done at trial. That he did not have Williams'[] actual truthful testimony on this point is neither his fault nor due to any lack of diligence.

*Id*.; *see also id*. at 9 (likewise stating that "Williams['] affidavit was not available to the Petitioner until after he had filed his application for Post[-]Conviction Collateral Relief" and that "Petitioner had no control over when or if Williams would prepare an affidavit that clarifies her previous testimony and exonerates the Petitioner").

First, Mr. Clayton (who obviously would have known of the alleged arrangement with Ms. Williams about the Volkswagen) could have cleared up any confusion at trial by conferring with his

attorney and eliciting testimony detailing that arrangement during cross-examination. He could thus have presented the jury with the information, but did not do so.

In addition, as detailed above, on August 2, 2019, Mr. Clayton submitted an "Amendment" to his PCR Motion with the affidavit attached. SCR, Cause No. 2019-M-01136. Hence, Ms. Williams' affidavit does not constitute new evidence showing that it is more likely than not that no reasonable juror would have convicted Mr. Clayton. *See McQuiggin*, 569 U.S. at 386; *Schlup*, 513 U.S. at 324.

In another claim of alleged newly discovered evidence, Mr. Clayton attaches a copy of the Southaven Police Department Incident Report to the instant petition. Doc. 1 at 11. The incident report was submitted to the Mississippi Supreme Court with his state PCR motion. *Id.*; *see also* SCR, Cause No. 2019-M-01136. Mr. Clayton argues, through counsel, that "[a]lthough this issue was not developed on cross examination," and the police report was not entered into evidence at trial, the Incident Report shows that he "'turned himself in' to the police 12 minutes after the altercation." Doc. 1 at 5. Mr. Clayton thus argues that the Incident Report shows that the trial testimony of the detective, who stated that Clayton turned himself in approximately an hour and a half to two hours after the altercation, was false. *Id*. at 4–6. He further argues that "[w]hile the [Petitioner] is aware the report was not introduced at trial, it definitely negates that inference relied upon by the Prosecution that the [Petitioner] 'took' Williams['] car unlawfully." *Id*. at 5. This argument does not constitute new evidence; instead, it is a subject counsel could have explored during cross-examination at trial, but did not. Mr. Clayton knew the basis for challenging the testimony of this witness at his trial, and, in any event, he has failed to show that no reasonable juror who knew about the report would have found him guilty of the unlawful possession of Williams' vehicle. Mr. Clayton has not met the standard for showing actual innocence.

**No Evidentiary Hearing**

Mr. Clayton also seeks an evidentiary hearing, Doc. 1 at 8; however, the court does not need a hearing to decide this matter. Under the Anti-Terrorism and Effective Death Penalty Act, ("AEDPA"), requests for an evidentiary hearing are evaluated in accordance with 28 U.S.C. § 2254(e)(2). *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). When a *habeas corpus* petitioner has failed to develop the factual basis of a claim, his entitlement to an evidentiary hearing is restricted to the narrow exceptions of subsection (e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the application shows that–
>
> (A) the claim relies on–
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

These exceptions apply where the failure to develop the facts of claim is solely the result of a decision or omission of the petitioner himself. *Murphy*, 205 F.3d at 815. Overcoming the restrictions in § 2254(e)(2) does not, however, guarantee a petitioner an evidentiary hearing, it merely "opens the door for one;" the district court retains the discretion to grant or deny an evidentiary hearing. *Id.* Further, a full and fair hearing does not necessarily require live testimony; a paper hearing can be sufficient to afford a petitioner a full and fair opportunity to present factual issues pertinent to his case. *Id., see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Finally, where a district court has

before it enough facts to make an informed decision regarding the merits of a claim, the court may refuse to grant an evidentiary hearing, even where the state court made no explicit factual findings. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

The court has reviewed the file and records of this case, has applied the analysis above, and has not encountered any claims the petitioner raises requiring an evidentiary hearing. The petitioner can present his claims in written form without the need for a live hearing. As the instant petition is untimely filed, an evidentiary hearing is not necessary to its resolution. For this reason the petitioner's request for evidentiary hearing is denied.

### Conclusion

For the reasons set forth above, Mr. Clayton's claims in the instant petition are barred by the one-year federal *habeas corpus* limitations period. Mr. Clayton has shown neither that he is entitled to equitable tolling of the limitations period, nor that he is actually innocent of the crime of his conviction. The instant petition will thus be dismissed as untimely filed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 2nd day of February, 2022.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI